IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK BYBEE, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | ) No. 18 C 04858 ) |
| KOVITZ, SHIFRIN NESBIT and LEASING and MANAGEMENT COMPANY, INC., | ) Judge Virginia M. Kendall ) ) ) |
|     *Defendants*. | ) ) |

## MEMORANDUM OPINION AND ORDER

Mark Bybee brings this complaint against Defendants Kovitz, Shifrin Nesbit ("KSN") and Leasing and Management Company, Inc., ("LMI"). Bybee seeks relief from KSN under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) (Count I), and from LMI under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505.1, *et seq.* ("Consumer Fraud Act") (Count II). KSN and LMI independently filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (Dkts. 8, 24). After a full round of briefing, the Court ordered supplemental briefs from all parties addressing what effect, if any, a final judgment in a related state court matter may have on Bybee's complaint and the pending motions to dismiss. (Dkt. 34). Having reviewed the supplemental briefing, the Court grants Defendants' motions to dismiss.

## BACKGROUND

Bybee is the former owner of a condominium unit located in Chicago, Illinois. (Dkt. 1 at ¶ 7). On February 21, 2007, KSN, acting on behalf of Printers Row Lofts, filed a collection and forcible detainer action against Bybee. *Id.* KSN recorded a lien on Bybee's unit on March 14, 2007 and served notice via publication. *Id.* at ¶¶ 8-9. Bybee defaulted and the possession order was stayed on May 8, 2007. *Id.* at ¶ 9. Bybee's unit was foreclosed upon by Deutsche Bank on October 23, 2007 and Deutsche Bank was granted title to the property. *Id.* at ¶¶ 11-12. Bybee was evicted from the unit on April 29, 2008. *Id.* at ¶ 16. Deutsche Bank's foreclosure action was vacated on January 27, 2009, but was not filed with the Cook County Recorder of Deeds until March 29, 2016. *Id.* at ¶ 23.

KSN filed suit against Bybee to collect unpaid condominium association fees on July 2, 2012. *Id.* at ¶ 20. That action was voluntarily dismissed by KSN. *Id.* at ¶ 21. KSN then contacted Bybee via letter on January 11, 2016, demanding payment of condominium association fees in the amount of $17,608.24 along with attorneys' fees. *Id.* at ¶ 22. On February 15, 2017, KSN filed a collection action in state court (17 MI 105143) against Bybee for the unpaid association fees. *Id.* at ¶ 27. On October 22, 2018, the state court entered judgment against Bybee. (Dkt. 32-1, pgs. 2-6). In doing so, the court found, among other things, that Bybee: (1) was aware of the foreclosure action on his unit and subsequent vacation; and (2) having been revested with title pursuant to the vacation, was responsible for association assessments totaling

$12,946.30. *Id.* The same court then granted attorneys' fees to Printers Row Lofts, the state court plaintiff. (Dkt. 37-1).

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion is meant to challenge the legal sufficiency of the complaint. *Christiansen v. Cnty. of Boone, Ill.,* 483 F.3d 454, 457 (7th Cir. 2007). The Court accepts all well-pleaded allegations as true and views them in a light most favorable to plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). Though, the Court need not accept as true statements of law or statements that are merely conclusory and unsupported factual allegations. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff's complaint must allege facts that establish its right to relief is more than speculative. *Cochran v. Ill. State Toll Highway Auth.,* 828 F.3d 597, 599 (7th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## **DISCUSSION**

### I. *Res Judicata*

Bybee's first claim is brought against KSN under the FDCPA. KSN contends such a claim is barred by the doctrine of *res judicata.* "The purpose of *res judicata* is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also prevents the unjust burden that would result if a party could be forced to relitigate what is essentially the same case."

*Henstein v. Buschbach,* 248 Ill.App.3d 1010, 1015-16 (1993). "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim, demand, or cause of action." *Wilson v. Edward Hosp.,* 367 Ill.Dec, 243, 247 (2012). The Court can properly consider the effect of *res judicata* at the motion to dismiss stage. *Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008). Illinois law provides the applicable principles for determining whether *res judicata* bars Bybee's claims. *Baek v. Clausen,* 886 F.3d 652, 660 (7th Cir. 2018). "Three requirements must be satisfied in order for the doctrine of *res judicata* to apply. There must be (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies." *Village of Bartonville v. Lopez,* 413 Ill.Dec. 34, 45 (2017). *Res judicata* also serves to bar matters that could have been decided in a previous suit, including counterclaims and defenses. *Baek,* 886 F.3d at 660.

"An order is final if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof." *Wilson,* 367 Ill.Dec. at 250. The state court collection action satisfies this prong as it was a final judgment on the merits. The judgment, leaving little to the imagination as to its effect, is labeled "FINAL Judgment Order" and made several findings, including setting forth Bybee's financial obligations to Printers Row Lofts. (Dkt. 32-1). Lending further credence to this, Bybee does not challenge the finality of the state court action in his supplemental brief. (Dkt. 35).

The state court collection action disposed of the rights of the parties and is correctly considered a final judgment—satisfying the first requirement of the *res judicata* analysis.

The second requirement of *res judicata,* identity in the cause of action, is not met here. "[I]f the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different cause of action asserted and *res judicata* bars the latter action." *Morris v. Union Oil Co.,* 96 Ill.App.3d 148, 157 (1981). "A cause of action is defined by the facts that give rise to a right to relief. Though one group of facts may give rise to a number of different theories of recovery, there remains a single cause of action." *Wilson,* 367 Ill.Dec at 247. Illinois courts utilize a transactional test when deciding whether there is identity of cause of action. *Village of Bartonville,* 413 Ill.Dec. at 45. "Under the transactional test, the assertion of different theories or kinds of relief still constitute a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id.* The state court collection action was brought by Printers Row Lofts against Bybee to collect unpaid fees associated with his condominium ownership. (Dkt. 32-4). Here, Bybee's complaint targets the allegedly unlawful and fraudulent attempts by KSN and LMI to collect the aforementioned unpaid fees. (Dkt. 1). The operative facts are certainly similar and, in some instances, may overlap, but the causes of action are not identical. The determination of whether there is identity in the cause of action certainly depends on how the actions are framed. KSN broadly frames the actions as both centering on "the amount of money owed by Plaintiff to

the Association and KSN's efforts to collect that debt for its client." (Dkt. 36, pg. 4). However, Bybee's FDCPA claim is distinct from the underlying state court collection action. In the state court action, Defendants sought unpaid fees, while in the present action, Bybee seeks relief for the allegedly unlawful collection attempts. "To lump debt attachment and debt collection together as the same cause of action under the res judicata analysis is to give res judicata broader sweep than we believe the Illinois courts are willing to give it." *Whitaker v. Ameritech Corp.,* 129 F.3d 952, 958 (7th Cir. 1997). The analogous facts of *Whitaker* enlighten the analysis here. In *Whitaker,* the plaintiff incurred debt to Ameritech every time she rang up charges on her telephone, but was not harmed by Ameritech's collection actions until she did not pay her bill. *Id.* "Debt attachment and debt collection are matters separated by time and purpose." *Id.* In short, the state court action centered on the validity and enforcement of Bybee's unpaid dues while the ongoing federal action is concerned with Defendants' collection practices. *Adair v. Sherman,* 230 F.3d 890, 896 (7th Cir. 2000) ("However, this circuit and other federal courts have held that an FDCPA action is not an action to establish a debt but an action contesting the method of collection of that debt.") Indeed, the very purpose of the FDCPA reinforces such a distinction. "[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998). Therefore, identity in the cause of action does not exist and *res judicata* does not bar Bybee's FDCPA claim against KSN.

The potential preclusive effect of the state court action warrants a separate analysis with respect to Bybee's Consumer Fraud Act claim against LMI. Unlike Bybee's FDCPA claim, the allegations bolstering the Consumer Fraud Act count explicitly call into question the validity of the debt. "LMI's representations were inherently deceptive and misleading because they sought to collect on a *debt that did not exist*..." (Dkt. 1 at ¶ 47) (emphasis added); *see also id.* at ¶¶ 48, 51, 54. Accordingly, Bybee's Consumer Fraud Act claim does not solely question the collection tactics, but instead crosses over into whether the debt attachment is valid. *Whitaker*, 129 F.3d at 958. Similarly, in *Whitaker,* the plaintiff brought a Consumer Fraud Act claim and alleged that the defendant used "deceit, fraud, false pretenses, misrepresentations and concealment or omission of material facts with the goal of convincing Whitaker that the charges on her bill were legitimate." *Id.* at 957. The Seventh Circuit in *Whitaker* held that Whitaker should have raised her fraud claims in the state court action in defense of Ameritech's collection of the judgment. "Allegations of fraud go to the heart of what was decided in the state court—that Whitaker legitimately owes Ameritech a sum of money." *Id.* Likewise, Bybee's assertion of fraudulent debts goes "to the heart" of the state court collection action and should have been raised there by Bybee. *Baek,* 886 F.3d at 660. Consequently, there is an identity of causes of action in the state court and federal action pertaining to the Consumer Fraud Act claim.

Turning to the final element of *res judicata,* there is an identity of parties or their privies between the actions. Bybee is a party to both the state and federal actions. His counterparties in the state and federal suits are Printers Row Lofts and LMI, respectively. LMI operates as a property manager for Printers Row Lofts and Bybee concedes that LMI serves as its agent. (Dkt. 1 at ¶¶ 6, 18). "Privity is said to exist between parties who adequately represent the same legal interests." *People ex rel. Burris v. Progressive Land Developers,* 151 Ill.2d 285, 296 (1992) (internal quotation omitted). Illinois law establishes that property managers are considered agents of their principal and are consequently in privity. *See Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales,* 664 F.3d 1075, 1080 (7th Cir. 2011). The state court complaint was also verified by LMI. (Dkt. 32-4). This Court is convinced that there is an identity of parties by way of their privies between the state and federal actions. Seeing all three elements met, Bybee's claim against LMI under the Consumer Fraud Act is barred by the doctrine of *res judicata.*

## II. Statute of Limitations

Having found that *res judicata* does not bar Bybee's FDCPA claim against KSN, the Court now considers alternative arguments raised in KSN's motion to dismiss for failure to state a claim. (Dkt. 8). The FDCPA prescribes a one year statute of limitations for claims brought pursuant to it. 15 U.S.C. §1692k(d). Bybee filed the instant action on July 17, 2018. (Dkt. 1). Bybee alleges KSN violated the FDCPA on two separate occasions. First, on January 11, 2016 when KSN "sent Plaintiff a letter

demanding payment for $17,608.24 in association dues and nearly $3,000 in attorneys fees." (Dkt. 1 at ¶ 22). This alleged violation falls outside of the one year statute of limitations. Second, Bybee contends that the filing of the state court action on February 15, 2017 was violative of the FDCPA. This allegation suffers the same fatal flaw as the January 2016 letter since the statute of limitations expired five months prior to the date Bybee filed the present action. Plaintiff would have this Court take the position that the continued prosecution of the state court action operates as a continuous and ongoing violation of the FDCPA and thus the statute of limitations was tolled. (Dkt. 27) ("However, in *their* motion to dismiss/stay, Co-Defendant LMI, states that the state court collection case (Bybee Collection III) was 'taken under advisement on September 28, 2018 following a bench trial. Plaintiff has plead that Defendant KSN is the debt collector prosecuting Bybee III and September 28, 2018 is within the FDCPA's statute of limitations.") (internal citation omitted). The Seventh Circuit has foreclosed such an argument, holding that continuing violations do not serve to toll the statute of limitations in the context of the FDCPA. *Gajewski v. Ocwen Loan Servicing,* 650 F. App'x 283, 285-86 (7th Cir. 2016) ("Instead, this allegation is nothing more than another attempt to argue that a violation arising from the filing of a debt-collection suit continues as long as the suit remains pending. That contention lacks merit."); *see also Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.,* 794 F.3d 871, 875-76 (7th Cir. 2015). Contrary to Bybee's suggestion, the statute of limitations is not tolled so long as the state court collection action remains ongoing. His one year clock to file an FDCPA claim began to run on February 15, 2017, the date

the state court action was filed. *See e.g., Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC,* 2010 WL 431484, at *3 (N.D. Ill. Jan. 29, 2010). Bybee's claim against KSN, filed July 17, 2018, for violation of the FDCPA was therefore not timely. As a result, KSN's motion to dismiss is granted.

## **CONCLUSION**

For the foregoing reasons, KSN's and LMI's motions to dismiss are granted as Bybee's FDCPA claim (Count I) is barred by the statute of limitations and his Consumer Fraud Act claim (Count II) is precluded by the doctrine of *res judicata*. Bybee's complaint is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: February 1, 2019